# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENISE HUNTER, DIANE AVILA, and SHERIDA HUDAK, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) Case No. |
| SERVICE EMPLOYEES INTERNATIONAL UNION, ("SEIU"), ELISEO MEDINA, Individually and as Trustee of SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL #73, and MARY KAY HENRY, Individually and as President of SEIU, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COME PLAINTIFFS, DENISE HUNTER, DIANE AVILA, and SHERIDA HUDAK, by and through their attorneys, MELISSA CASEY, of the MPC LAW GROUP, and GLEN J. DUNN, JR., of GLEN J. DUNN & ASSOCIATES, LTD., and hereby bring this Complaint in Equity seeking injunctive relief. Specifically, Plaintiffs are seeking a Court Order to decree that the Trusteeship imposed over the SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL #73, (hereinafter, "Local 73") by Defendants be discontinued pursuant to section 464(c) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"). Further, pursuant to the discontinuance of the Trusteeship, Plaintiffs seek to have Local 73 restored to self-governance through the entry of an injunctive order compelling the initiation of the democratic process within Local 73 to hold elections, in an orderly and timely manner, and in accordance with the governing Constitution and by-laws. In support of this Complaint for injunctive relief, Plaintiffs further state:

**I.    JURISDICTION AND VENUE**

1

1.	This is an action for injunctive and other relief to compel Defendants to discontinue the Trusteeship of a local labor union. This Court has jurisdiction of this action under Section 304(a) of the Labor-Management Reporting and Disclosure Act of 1959, as amended ("LMRDA"), 29 U.S.C. section 464(c), which mandates that "after the expiration of eighteen months, the Trusteeship shall be presumed invalid…and its discontinuance shall be decreed [by a federal district court]."

2.	Venue exists pursuant to Section 304(b) of the LMRDA, 29 U.S.C. 464(b).

**II.	PARTIES**

3.	Plaintiffs are all members in good standing of the SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL, #73 (hereinafter "Local 73"), a labor union affiliated with the Defendant, SERVICE EMPLOYEES INTERNATIONAL UNION (hereinafter "SEIU").

4.	The Local and SEIU are labor organizations engaged in industries affecting commerce within the meaning of Section 3 of the LMRDA, 29 U.S.C. Section 402.  Local 73 maintains its principal office at 300 South Ashland, Chicago, which is within this judicial district.  Duly authorized officers and/or agents of the SEIU are engaged in conducting the affairs of the Trusteeship of Local 73 within this judicial district.

5.	Defendant, SERVICE EMPLOYEES INTERNATIONAL UNION, is a national labor union.

6.	Defendant, MARY KAY HENRY (hereinafter "HENRY"), is the President of SEIU.

7.	Defendant, ELISEO MEDINA (hereinafter "MEDINA"), is the current Trustee of Local 73, assigned to the position by HENRY.

### III. FACTS

8. On or about August 3, 2016, The Local was taken into Trusteeship by the International Union for the alleged inability of the then President, Christine Boardman, to maintain the democratic process during a membership meeting.

9. Pursuant to Section 464(c) of the LMRDA, 29 USC Section 464(c), the Trusteeship imposed upon Local 73 is presumed invalid after eighteen months, which would be on and after February 3, 2018.

10. Under Article V of the SEIU International Constitution and Bylaws, both the SEIU and Local 73 are charged with the responsibility of conducting the elections of officers.

11. Article XV, Section 2 of the SEIU International Constitution and Bylaws, Local 73 is charged with conducting elections under its own Constitution and Bylaws.

12. The SEIU International Constitution and Bylaws, Article V "Election of Officers" Section 1 provides that all nominations for officers shall be made in open convention and elections shall be by roll call where there is more than one candidate for any office. Any member wishing to submit an election protest must file such protest within fifteen (15) days after the convention. The International President shall endeavor to have a hearing within thirty (30) days following the protest and attempt to render his or her decision within thirty (30) days thereafter. Within fifteen (15) of the action of the International President, a petition for review may be filed with the International Executive Board."

13. Under Article X of the SEIU **Local 73** Constitution and Bylaws, "Nominations and Elections," Section 1, "nominations for officers shall take place at the regular membership

meeting and at least fifteen (15) days notice shall be given of the time and place of the meeting and that such nominations shall take place."

14.     Article X, Section 2, of the SEIU Local 73 Constitution and Bylaws then states that "nominations shall be made in writing, designating the name of the person nominated, the office for which nominated, and must be signed by at least three (3%) percent of the membership in good standing (based on the membership reported in the previous December) with at least ten (10) signatures from each of the four (4) separate bargaining units."

15.     Article X of the SEIU Local 73 Constitution and Bylaws also provides that elections shall take place "no more than sixty (60) nor less than thirty (30) days following the close of nominations." The ballots containing the officers to be elected shall be printed in the following order:

> (1) President
> (2) Secretary-Treasurer
> (3) Five (5) Vice-Presidents
> (4) Recording Secretary
> (5) Executive Board Members (one hundred (100) to be elected).

16.     Section 5 of Article X of the SEIU Local Constitution and Bylaws provides that appeals of election results must be made to the Executive Board with seven (7) days of the closing of the ballot and that the Board shall issue a decision on the appeal within fourteen (14) days after receiving the appeal.

17.     Defendants have failed to seek nominations for a ballot and have generally failed to comply with the election procedures necessary in order to return control of Local 73 to its members.

18.     At the last general membership meeting on September 23, 2017, a nomination from a member on the floor was made to commence elections, it was properly seconded by another

member, yet then Trustee Denise Poloyac unilaterally rejected the Motion and declared, contrary to previous representations, that the meeting was not a "general membership meeting."

19. Defendants have failed to act consistent with the terms of the LMRDA and with the SEIU and Local 73 Constitutions and Bylaws to limit the term of the Trusteeship to eighteen months.

20. The Plaintiffs have no adequate remedy at law.

21. On January 4, 2018, members of Local 73 created a website titled "Members for Members" wherein a slate of candidates for officers and executive board members was presented for ratification by the membership. To date, this slate of candidates is supported by more than 2000 signatures from the Local 73 membership.

22. On January 8, 2018, seven of the officer candidates listed on the slate posted on the "Members for Members" website were unilaterally suspended, without notice and without due process or hearing.

23. On and after January 10, 2018, the seven suspended officer candidates identified above were unilaterally terminated, without notice, charges or due process hearing.

24. One of the reasons provided, in writing, by Defendants for the suspensions and terminations identified in paragraphs 22-23 above was their association with the "members for members" website.

25. The suspensions and terminations described in paragraphs 22-24 above constitute an improper and illegal limitation of those member's rights to free political speech under the LMRDA.

26. The Plaintiffs and the general membership of the Local 73 will suffer harm if the current Trusteeship is not discontinued because it would deprive the general membership of the officers and executive board members of their choosing, from inside their membership, rather than the

leadership and direction improperly imposed upon them from the International Union when the same is invalid as a matter of law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment and permanent injunctive relief in favor of Plaintiffs as follows:

1) Declare that the August 3, 2017 Trusteeship of the Local 73 is discontinued; and

2) Declare the Constitution and By-laws of Local 73 reinstated; and

3) Order Defendants to implement the democratic process and initiate election procedures within a reasonable time period pursuant to and in accordance with the Constitution and By-Laws of the Local 73; and

4) Award in favor of Plaintiffs and against Defendants, jointly and severally, the costs, expenses and attorneys' fees incurred in bringing this action; and

5) Award such other and further relief as this Honorable court deems proper and just.

> Respectfully submitted,
>
> /s/ Melissa P. Casey_____
>
> Melissa P. Casey
>
> /s/ Glen J. Dunn, Jr._____
> Glen J. Dunn, Jr.

Glen J. Dunn, Jr.
Glen J. Dunn & Associates, Ltd.
221 N. LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 546-5056
(312) 546-5058
gdunn@gjdlaw.com

Melissa P. Casey
MPC Law Group
221 N. LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 399-2528
Mpclawgroup@gmail.com