**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DENISE HUNTER, DIANE AVILA, and SHERIDA HUDAK,** | **Case No. 1:18-CV-00986** |
| **Plaintiffs,** | **Related to:** |
| v. | |
| **SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU"), ELISEO MEDINA, Individually and as Trustee of SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL #73, and MARY KAY HENRY, Individually and as President of SEIU,** | **Boardman v. Service Employees International Union, et al., Case No. 1:18-CV-02728** **Judge Pallmeyer** |
| **Defendants.** | |

<u>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' BILL OF COSTS**</u>

On March 21, 2019, this Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and entered judgment in favor of Defendants and against Plaintiffs. Defendants subsequently timely filed a Bill of Costs, as 28 U.S.C. § 1919 permits a court to award just costs when a case has been dismissed for want of jurisdiction. Plaintiffs subsequently filed objections to the Bill of Costs. Defendants now reply in support of their Bill of Costs.

As we show below, this Court has discretion to award just costs in cases like this one, where a complaint is ultimately dismissed for lack of jurisdiction. Moreover, this Court should exercise its discretion to award the costs here. Plaintiffs elected to pursue litigation and impose significant costs on Local 73 and its members, notwithstanding that Defendants voluntarily committed to providing the relief ostensibly sought by Plaintiffs – namely, the termination of the trusteeship – prior to incurring the costs Defendants seek to recover. Under these circumstances,

1

Plaintiffs should be made to accept the consequences of their choices through an award of the just costs sought.

## **Background**

Although the factual and procedural background of this case is well trodden ground, a few key facts are relevant to the issue of costs and are set forth below.

Plaintiffs filed this suit in February of 2018, seeking to enjoin SEIU's trusteeship over SEIU Local 73. By May 11, 2018, the Defendants had orally represented to the Court at a status hearing that the trusteeship was expected to end with an officer election in November (Hr'g Tr. at 13, May 11, 2018), and in a May 25, 2018 filing, the Defendants firmly committed to Plaintiffs and this Court in writing that, "[a]t the latest, the election would be completed, with ballots counted, by November 19," (Defs.' Statement Re Status of Trusteeship at 9, May 25, 2018, ECF No. 24).

Notwithstanding these representations, Plaintiffs insisted on fully litigating this case. As this Court is well aware, in June and July of 2018, a five-day evidentiary hearing was held, with post hearing briefs filed by the parties. On July 20, 2018, Defendants filed a motion to dismiss for failure to state a claim. On November 7, 2018, following the election, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiffs vigorously contested both motions.

Consistent with Defendants' representations in May regarding the election schedule, on November 8, 2018, Local 73 installed new officers and the trusteeship terminated. On March 21, 2019, this Court issued a memorandum opinion, granting Defendants' Motion To Dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. That same day, judgment was entered in favor of Defendants and against Plaintiffs. Both the Court's opinion and

2

judgment were silent on whether or not costs were appropriate. Defendants filed a bill of costs on April 18, 2019, and the Court subsequently ordered that "Plaintiff's objections, if any, to Defendant's bill of costs to be filed within 14 days." (Minute Entry, Apr. 19, 2019, ECF No. 88). Plaintiffs filed objections and this reply follows.

### Argument

Congress has provided that where a case is dismissed for lack of jurisdiction, a district court "may order the payment of just costs." 28 U.S.C. 1919. Here, Defendants are seeking $6855.60 in reimbursement, all of which reflects costs incurred *after* Defendants had represented to the Court that the trusteeship would end in November. Of that amount, $6,291.14 (approximately 92% of the total) is for transcript and photocopying costs incurred in connection with the five-day evidentiary hearing conducted in June and July of 2018, with another 8% corresponding to transcript costs and a *pro hac vice* fee incurred in mid-May of 2018 after Plaintiffs had made it clear that they would litigate this case despite the assurances that the trusteeship would end in November. Those assurances—particularly those made in writing in the Defendants' May 25, 2018 report to the Court and accompanied by sworn affidavits from Defendants' decision-makers—made the five-day evidentiary hearing unnecessary. Indeed, once those assurances were made, the Court itself stated to counsel that going forward with the hearing was unlikely to hasten the end of the trusteeship and could in fact delay it. Under these circumstances, the Plaintiffs' choice to proceed and impose costs on the local union they purport to want to protect, is sufficient justification for an award of costs. As we show below, the Court should exercise its discretion to award costs in this case and Plaintiffs' argument otherwise should be rejected.

A.  The Court Should Exercise Its Discretion To Award Just Costs In This Case.

Section 1919 is clear: "Whenever any action or suit is dismissed in any district court …

for want of jurisdiction, such court may order the payment of just costs."  28 U.S.C. § 1919.

Consistent with Congress' mandate, the Seventh Circuit has held that a district court may order

the reimbursement of costs even when those costs were incurred prior to a subsequent dismissal

for lack of jurisdiction.  *Mashak v. Hacker*, 303 F.2d 526 (7th Cir. 1962); *see also Oster v.*

*Rubinstein*, 142 F. Supp. 620, 621 (S.D.N.Y. 1956) ("That the action was subsequently

dismissed for lack of jurisdiction should not deprive a defendant of costs necessarily incurred in

the preparation for trial."); *Ali v. Prestige Window & Door Installation, LLC,* 626 F. Supp. 2d

1259, 1262 (S.D. Fla. 2009) ("The statutory language [of § 1919] alone, then, gives the Court

leeway to award costs or not award costs as it sees fit.").

Here, the Court should exercise its discretion and award Defendants costs.  As noted, the

costs at issue here are almost all transcript and photocopy costs incurred in connection with the

5-day evidentiary hearing in June and July of 2018.  (Affidavit of Abigail V. Carter at 2, April

18, 2019, ECF No. 87-1).  Prior to incurring those costs, however, Defendants told both the

Plaintiffs and this Court that elections would be forthcoming.  Specifically, on May 25, 2018,

Defendants filed with the Court a report written by Local 73 Co-Trustee Eliseo Medina and sent

to SEIU President Henry.  As Defendants explained to the Court, the report contained "a

proposed schedule for ending the trusteeship through an election of officers, with voting to take

place in October or November 2018, depending on whether the members' Election Committee

chooses in-person or mail balloting." (Defs.' Statement Re Status of Trusteeship at 9, May 25,

2018, ECF No. 24).  The report provided that "[a]t the latest, the election would be completed,

with ballots counted, by November 19."  *Id.*  Notwithstanding Defendants' development of a

4

plan and commitment to hold elections and end the trusteeship no later than November of 2018,

Plaintiffs refused to provide an alternative timetable or plan for the election, but instead insisted

on going forward with a hearing. (Hr'g Tr. at 11:14-17, June 12, 2018 (AM session) ("The

defendants have proposed a schedule for [the election] to happen. I had hoped that the plaintiffs

would propose a comprehensive schedule for that to happen, and I would be able to sit down and

kind of hammer something out in between.")).

It is significant that prior to the start of the hearing, the Court warned Plaintiffs that

insisting on the hearing might be counter-productive to their stated desire of holding elections

and ending the trusteeship as soon as possible. As this Court explained:

> But it does not seem realistic to me that, no matter what happens at this hearing, that I
> will have enough information on my own to take over and set up a schedule for an
> election and get this underway in a matter of a few weeks, which is what the plaintiffs
> believe is appropriate.… [A] concern that I have about hearing evidence is that it really
> might have the perverse result of requiring me to take more time in resolving these issues,
> and thus postponing the dissolution of the trusteeship beyond what the defendants have
> proposed. In other words, I think that this might really be a victorious battle in which you
> lose the war, because the goal -- everybody's goal -- certainly mine but also the parties --
> is to get this trusteeship resolved and an election conducted.

(Hr'g Tr. at 10:21-11:13, June 12, 2018 (AM session)); *see also* (Hr'g Tr. at 303:25-304:4, June

14, 2018 (AM session) ("But let me tell you what the result of this hearing will be. If I have to

make findings of fact and conclusions of law, my prediction is the election will be later than

November rather than earlier than November.")). Notwithstanding this admonition, the Plaintiffs

went forward with the hearing. Although it was certainly Plaintiffs' right to proceed, Local 73,

which is funded through the dues of its members, should not have to pay costs incurred as a

result of a choice by Plaintiffs to proceed with a costly evidentiary hearing—a choice that was

quixotic at best or self-interested at worst. Here, it is reasonable and just for Plaintiffs to pay the

costs associated with a five-day evidentiary hearing that, as the Court forewarned, was likely to

delay, not speed up, the elections that Defendants had already committed to holding no later than November of 2018.

Plaintiffs, however, dispute that it would be just to award costs in this case. Specifically, Plaintiffs argue that they filed this action on behalf of the local membership and since members fund the local, the members "have already paid these expenses through their dues and would essentially be asking the three to shoulder the burden of the entire membership." Plfs' Resp. & Obj. to Bill of Costs (ECF No. 90) ("Plfs' Resp. & Obj.") at 4. Plaintiffs have it backwards. First, unlike in some trusteeship challenge cases, the plaintiffs were not elected representatives of the pre-trusteeship local union. The plaintiff group did not, for example, consist of the former executive board of the local. Nor were any of the three plaintiffs former elected officers of the local. And there was of course no class action here. Instead, Plaintiffs are three individual members who appointed themselves to speak for the membership, and chose to do so by filing a lawsuit against the local, costing the local and its members tens of thousands of dollars in legal fees as well as the more than $6000 in costs sought here, all for the stated purpose of forcing an election, which Defendants committed to providing in May 2018. Second, Plaintiffs elected to go forward with the evidentiary hearing notwithstanding that the Court told them that the hearing was unlikely to advance the stated goal of the litigation, which was to return the local to self-rule, and was indeed likely to be counter-productive. The local and its membership should not be required to pay for costs incurred in connection with litigation behavior that is unlikely to advance union goals and that is only likely to generate unnecessary costs.[1]

---

[1] The Supreme Court decision in *Hall v. Cole*, 412 U.S. 1 (1973), does not suggest otherwise. Defs' Resp. & Obj. at 4. In *Hall*, the Court held that the traditional equitable powers of federal courts extend to permit an award of attorney's fees to a successful plaintiff in an action brought under § 102 of the LMRDA. 412 U.S. at 9. Here, not only did plaintiffs not prevail on their LMRDA claims, but the primary relief they sought, i.e., termination of the trusteeship, was

Plaintiffs also argue that this Court should not award costs to Defendants because Plaintiffs are individuals unable to afford "to pay a multi-thousand award of costs," citing *McGill v. Faulkner,* 18 F.3d 456 (7th Cir. 1994). Defs' Resp. & Obj. at 4. *McGill*, however, counsels in favor of taxing costs against Plaintiffs. The plaintiff in *McGill* was a prisoner who brought an unsuccessful civil rights case against prison administrators. After judgment was entered in favor of the Defendants, they sought costs. In response, McGill asserted, among other things, that he was indigent, as evidenced by his status as a state prisoner, but failed to provide any documentation supporting his indigent status. 18 F.3d at 459. The district court awarded costs to the defendants, finding that McGill's unsupported assertion of indigency was insufficient to overcome the presumption in favor of costs. *Id.* The Seventh Circuit affirmed, stating that McGill "should not be shielded from the costs he forced the defendant to incur with his suit even if he was and is presently indigent." *Id.* at 460.

Similarly, Plaintiffs here "must consider the relative merits of their lawsuits against the pain an unsuccessful suit might inflict on their pocketbook," "learn to exercise discretion and judgment, … and accept the consequences of their costly lawsuits." *Id.*

B. Contrary to Plaintiffs' Arguments, This Court Has Authority To Award Costs.

In their Response and Objections to the Bill of Costs, Plaintiffs assert three short arguments as to why costs cannot be awarded in this case. Plaintiffs' arguments have no merit.

1.      Plaintiffs first complain that the bill of costs and supporting affidavit "cite to no authority, statutory or otherwise, to justify their award of costs." Defs' Resp & Obj at 3.

---

voluntarily undertaken by Defendants before the commencement of the evidentiary hearing that caused the costs of the litigation to balloon.

Plaintiffs are correct that the Bill of Costs form in the Northern District of Illinois, which Defendants filed, does not contain any line on which the requesting party can identify the statutory authority supporting the award of costs, nor is that authority specified in the supporting affidavit. This fact has no legal significance, however. Plaintiffs cite no authority suggesting that the absence of such authority in the Bill of Costs precludes an award. Nor can Plaintiffs claim that they were unaware of Defendants' statutory basis for the Bill of Costs and therefore unable to appropriately object. *See* Exhibit A (April 29, 2019 email from A. Carter to G. Dunn setting forth statutory basis for Defendants' Bill of Costs). Furthermore, because Congress has granted this Court authority to award just costs, that authority rests with this Court regardless of whether or not the statute was named by Defendants.

2. Plaintiffs next argue that Defendants waived their right to costs by failing to file a motion under Rule 59(e), citing *Matei v. Cessna Aircraft Co*., 35 F.3d 1142 (7th Cir. 1994). Defs' Resp. & Obj. at 3. Plaintiffs' argument, however, depends upon the assumption that the judgment entered by the Court on March 21, 2019, affirmatively denied Defendants costs. In *Matei*, for example, the district court orally directed that judgment would be entered for defendants "without costs," but the written judgment was silent as to costs. 35 F.3d at 1148. In that context, the court rejected defendants' attempt to argue they were entitled to costs as a matter of law, stating that if the defendants had wanted to object to the district court's ruling that the judgment would be "without costs," they should have objected at the time or filed a motion under Rule 59(e) to alter or amend the judgment with respect to costs. *Id.*

In contrast to *Matei,* here both the Court's written opinion and the judgment that was entered were silent as to costs. Contrary to Plaintiffs' argument, the judgment form does not deny costs. The form has two boxes applicable to the run of cases in which judgment is entered

8

on the merits and where the party prevailing on the merits thus is entitled to costs as a matter of course. It then has a third "other" box, for cases like this one. That third box was checked here, and it is silent on costs, which is appropriate for cases like this one where costs are not essentially automatic but require further analysis before determining their appropriateness. Thus, because nothing here suggests the Court previously decided that costs were not appropriate, Defendants had no obligation to file a motion under Rule 59(e) and Plaintiffs' timeliness argument should be rejected.

3.      Finally, Plaintiffs argue that Defendants are not a "prevailing party" as that term is used in 42 U.S.C. § 1988.  Defs' Resp. & Obj. at 3-4.  But the costs here are not being sought pursuant to that statute; they are being sought pursuant to 28 U.S.C. § 1919. And courts are clear that 28 U.S.C. § 1919 does not require that a party be considered a "prevailing party" as defined under 42 U.S.C. § 1988 in order to recover costs.  "To the contrary, the plain language of the statute demonstrates that Congress did not intend to make it mandatory that a party be considered a 'prevailing party' before it can recover costs under Rule 54." *Ali*, 626 F. Supp. 2d at 1262. Indeed, "federal courts have consistently held that a district court has the power to award costs to a defendant who has benefited from the court's dismissal of a plaintiff's action for want of subject matter jurisdiction." *Daugherty v. Westminster Sch., Inc.*, 174 F.R.D. 118, 123 (N.D. Ga. 1997). Thus, even assuming Defendants are not considered a prevailing party, 28 U.S.C. § 1919 grants this Court authority to award Defendants just costs.

### Conclusion

As set forth above, this Court has ample authority to award just costs in this case.  And, here, where Plaintiffs elected to pursue litigation and impose significant costs on Local 73 and the membership Plaintiffs purport to represent – costs that were unnecessary if their true goal

was a timely end to the trusteeship – Plaintiffs should be made to "accept the consequences of

their costly lawsuits" through an award of the just costs sought.


Respectfully Submitted,


*/s/ Abigail Carter*                                    */s/ Barry M. Bennett*

Abigail Carter, Esq.*                                  Barry M. Bennett, Esq.
Leon Dayan, Esq.*                                      George A. Luscombe, III, Esq.
*(admitted *pro hac vice*)                              Dowd, Bloch, Bennett, Cervone
Bredhoff & Kaiser, PLLC                                Auerbach, & Yokich
805 15th Street N.W., Suite 1000                       8 South Michigan Avenue, 19th Floor
Washington, D.C. 20005                                 Chicago, IL 60603
Telephone: (202) 842-2600                              Telephone: (312) 372-1361
ldayan@bredhoff.com                                    bbennett@laboradvocates.com

*Counsel for Defendants*


Dated: May 24, 2019

10

## **CERTIFICATE OF SERVICE**

This certifies that true and correct copies of the foregoing Reply Brief in Support of Defendants' Bill of Costs were served on all counsel of record in this case via ECF on this May 24, 2019.

In addition, I certify that a true and correct copy of the foregoing Reply Brief in Support of Defendants' Bill of Costs was served on the following attorney in the related case *Boardman v. Service Employees International Union, et al.*, 18-cv-02728, on this May 24, 2019 by transmitting a copy to him at the following email address:

> Mark S. Schaffner, Esq.
> m@markschaffner.com
> *Counsel for Plaintiff Christine Boardman*

A true and correct courtesy copy of the foregoing Reply Brief in Support of Defendants' Bill of Costs was also sent to the Court via UPS at the following address on May 24, 2019:

> Judge Rebecca R. Pallmeyer.
> Everett McKinley Dirksen United States Courthouse
> Room 2146
> Chicago, IL 60604

> */s/ Abigail Carter*
> Abigail V. Carter